McMILLAN, Presiding Judge.
The appellant, Kenneth Bertrand Taylor, filed a Rule 32, Ala. R.Crim. P., petition, attacking his conviction for attempted murder and his sentence of 20 years’ imprisonment. He did not file a direct appeal from his conviction.
On the Rule 32 petition form, Taylor simply marked the following grounds for relief: (1) “Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea”; (2) “[cjonviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant”; (3) “[djenial of effective assistance of counsel”; (4) “[tjhe court was without jurisdiction to render the judgment or to impose the sentence”; and (5) “[tjhe petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner’s part.” However, he made no specific statement of allegations and provided no factual basis as to any of these five issues. See Rule 32.6(b). On a separate page, Taylor listed the following allegations against trial counsel:
“1. Petitioner’s counsel told him to cop out to a 20 year sentence, and according to parole board guidelines petitioner has to do 15 years on a 20 year sentence.
“2. Petitioner asserts that counsel was ineffective and did not inform petitioner on forensic evaluation from Melissa V. Clinger, Phy. doctor.
“3. Petitioner asserts that counsel was ineffective on informing him on his minimum and maximum range of punishment on sentencing.
“4. Petitioner asserts counsel was ineffective in all critical stages during arraignment and during sentencing.
“5. Upon petitioner’s plea agreement, counsel did not inform petitioner that he would be subjected to the 85% issue, which denied petitioner the right to a valid defense to refuse or dispute said enhancement during sentencing.”
The State moved to dismiss, arguing that Taylor had failed to comply with Rule 32.6(b) and that Taylor’s claims were barred by 32.2(a)(1) and (3). The trial *1212 court thereafter summarily denied the petition on the grounds pleaded by the State. Taylor then filed a “Notice of Appeal and/or Motion for Reconsideration,” in which he argued (1) that he had not been advised of his right to appeal; (2) that trial counsel had erroneously informed him that if he were tried and convicted by a jury, he could be sentenced to life imprisonment without parole; and (3) that the trial court abused its discretion in taxing the costs of this matter to him.
On appeal, Taylor reiterates the claims he raised in his Rule 32 petition and in his motion for reconsideration.
The trial court properly denied the petition as to Taylor’s claims asserted by checking boxes on the form petition without providing any substantiating or specific facts; specifically, the knowingness and voluntariness of his plea, the failure to disclose evidence, and the lack of jurisdiction of the trial court. Because “a full disclosure of the factual basis of those grounds” is not included, those mere conclusions of law are insufficient to satisfy the pleading requirements of Rule 32.6(b), Ala. R.Crim. P. Madden v. State, 864 So.2d 395 (Ala.Crim.App.2002). Additionally, Taylor’s argument that the trial court improperly taxed him with court costs is meritless. Pursuant to § 12-19-70, Ala. Code 1975, the trial court properly assigned the costs of this proceeding to Taylor.
However, this case is due to be remanded for the trial court to make specific findings of fact as to Taylor’s claims against trial counsel. Taylor has made allegations that he was denied effective assistance of counsel during his guilty plea proceedings. These issues could not have been presented at trial. Taylor further argues that his failure to appeal his conviction was through no fault of his own and that this Rule 32 petition was his first opportunity to raise the claims. The trial court’s order of dismissal did not address Taylor’s claims against trial counsel. Moreover, the State has requested that this Court remand this case to the circuit court for a review of those claims. Accordingly, this case is remanded to the Etowah Circuit Court for that court to hold an evidentiary hearing if necessary and to enter an order consistent with this opinion. Due return shall be made to this Court within 42 days from the date of this opinion.
REMANDED WITH DIRECTIONS.*
SHAW and WISE, JJ„ concur. COBB, J., dissents, with opinion. BASCHAB, J., joins dissent.

 Note from the reporter of decisions: On November 21, 2003, on return to remand, the Court of Criminal Appeals affirmed, without opinion.